App. Div.]          Second Department, February, 1914.

In the Matter of Holmes Jones.— Motion denied.  Order to be settled on notice.   Present — Ingraham, P. J., McLaughlin, Clarke, Scott and Hotchkiss, JJ.

In the Matter of Holmes Jones.— Motion denied.  Order to be settled on notice.   Present — Ingraham, P. J., McLaughlin, Clarke, Scott and Hotchkiss, JJ.

In the Matter of Joseph F. Darling.— Referred to official referee.   Order to be settled on notice.   Present — Ingraham, P. J., McLaughlin, Clarke, Scott and Hotchkiss, JJ.

Henry N. Steinert, as Receiver, v. Charles E. Van Aken and Others.— Motion denied, with costs.   Present — Ingraham, P. J., McLaughlin, Clarke, Scott and Hotchkiss, JJ.

---

## SECOND DEPARTMENT, FEBRUARY, 1914.

ADOLPH MALTZ and MARIE MALTZ, Respondents, *v.* WESTCHESTER COUNTY BREWING COMPANY, Appellant.

*Evidence — varying written instrument by parol.*

Appeal by the defendant from a judgment of the Special Term, entered in the office of the clerk of the county of Westchester on the 19th day of May, 1913, in favor of the plantiffs.

PER CURIAM: The plaintiffs have a judgment against the defendant canceling an assignment of a lease made to defendant's assignor.   The lease is a written instrument, appearing on its face complete, with mutual obligations to be performed, and containing no declaration of trust. Oral evidence of statements preceding and accompanying its execution, offered with a design to establish that the lease was taken by the lessee in trust for the plaintiffs, was received over objection and exception.   Plaintiffs testified that they requested the lease to be made in the form in which it was made.   There was no evidence of facts from which a trust would result or be implied in equity.   The judgment should be reversed. (*Hoar* v. *Hoar*, 48 Hun, 314; affd., 125 N. Y. 735.)   The 3d, 4th, 6th, 7th, 9th, 10th, 11th, 12th, 13th, 15th, 16th and 17th findings of fact are reversed, and the 5th finding of fact is amended to read as follows: "5.  That on the 27th day of March, 1912, at the request of the plaintiffs, the said Frederick W. Behrmann executed a lease of said premises to Joseph B. Schwartz for a term of five years from June 1, 1912.   That said lease expressed mutual obligations to be performed and did not express any declaration of trust in favor of the plaintiffs."   The conclusion of law is reversed, and the conclusion of law is made that the complaint be dismissed on the merits, with costs, and judgment directed for the defendant accordingly.   Jenks, P. J., Burr, Thomas, Stapleton and Putnam, JJ., concurred.   The conclusion of law is reversed, and the conclusion of law is made that the complaint be dismissed on the merits, with costs, and judgment is directed for the defendant accordingly.